## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAITH BARLOW | : | |
| 1324 South 15th Street | : | |
| Philadelphia, PA 19146 | : | Civil Action No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Jury Trial Demanded |
| | : | |
| NATIONAL A-1 ADVERTISING, INC. | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| NATIONAL TELEPHONE | : | |
| ENTERPRISES INC. d/b/a NATIONAL | : | |
| A-1 ADVERTISING, INC. | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| NATIONAL A-1COMMUNICATIONS | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| NATIONAL A-1 ADVERTISING, INC. | : | |
| d/b/a NATIONAL A-1 | : | |
| COMMUNICATIONS | | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| ROBERT GREENSTEIN d/b/a NATIONAL | : | |
| A-1 ADVERTISING, INC. | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| NATIONAL TELEPHONE | : | |
| ENTERPRISES, INC. | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| RICHARD COHEN d/b/a NATIONAL | : | |
| TELEPHONE ENTERPRISES | : | |
| 107 S. 8th Street | : | |
| Philadelphia, PA 19106 | : | |

|   |   |
|---|---|
|   | : |
| Defendants. | : |

# COMPLAINT

## NATURE OF THE ACTION

This action has been initiated by Plaintiff Faith Barlow who alleges that her rights to be free from discrimination under the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. Sec. 2601 et. seq. and state law, have been violated by Defendants.

Plaintiff is an adult individual who was an employee or a former of employee of Defendants. At all times material hereto, Plaintiff was an employee or a former employee of Defendant, and had been so for approximately ten (10) years.

Defendant is a Pennsylvania corporation and regularly conducts business in the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania. Defendant is an entity engaged in an industry or affecting commerce which employs more than 50 employees within the Commonwealth of Pennsylvania for each working day during each of 20 or more calendar work weeks in the current and/or proceeding year, as per regulations under the FMLA. At all times material hereto, Defendant was acting by and through its agents, servants, workmen and employees.

The discriminatory actions taken against Ms. Barlow resulted in monetary damage as well as damage to her reputation, severe emotional distress, humiliation, depression and other emotional damages. Defendant's conduct is so egregious, outrageous and intentional, that Plaintiff further seeks punitive damages.

## JURISDICTION AND VENUE

1.  Plaintiff hereby incorporates by reference the preceding paragraphs of this

Complaint, as though each were set forth at length herein.

2. Jurisdiction is conferred upon the Honorable Court by 28 U.S.C. Sec. 1337 relating to "any civil action or proceeding arising out of any action of Congress regulating commerce," 28 U.S.C. Sec. 1343(4) and 28 U.S.C. Sec. 1331. This action is initiated pursuant to the Family Medical Leave Act, 29 U.S.C. Sec. 2601 et. seq. and applicable federal law.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. Sec. 1367(a), to hear and decide claims arising under the laws of the Commonwealth of Pennsylvania.

4. This court has personal jurisdiction over Defendants.

5. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, as all parties regularly conduct business within this district.

## PARTIES

6. Plaintiff hereby incorporated the preceding paragraphs of this Complaint as though each were set forth at length herein.

7. Plaintiff Faith Barlow is an adult individual who currently resides at 1324 South 15th Street Philadelphia, Pennsylvania 19146.

8. At all times relevant to this Complaint, Plaintiff Faith Barlow was an employee of Defendant within the meaning of the relevant statutes and protected against discrimination in employment on the basis of disability.

9. Defendant National A-1 Advertising, Inc. is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination

decisions on the basis of the Plaintiff's use of family medical leave.

10. Defendant National Telephone Enterprises d/b/a National A-1 Advertising, Inc. is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

11. Defendant National A-1 Communications is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

12. Defendant National A-1 Advertising, Inc. d/b/a National A-1 Communications is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

13. Defendant Robert Greenstein d/b/a National A-1 Advertising, Inc. is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

14. Defendant National Telephone Enterprises is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

15. Defendant Richard Cohen d/b/a National Telephone Enterprises is located at 107 South 8th Street, Philadelphia, Pennsylvania 19106. Defendant is an employer within the meaning of the various statutes cited herein and has employees totaling over the statutory minimum. As such, Defendant was prohibited from discriminating in employment practices, evaluations and termination decisions on the basis of the Plaintiff's use of family medical leave.

16. Defendants are entities engaged in an industry or affecting commerce each of which employs more than 50 employees within the Commonwealth of Pennsylvania for each working day during each of 20 or more calendar work weeks in the current and/or proceeding year, as per regulations under the FMLA.

17. At all times material hereto, Defendants were acting by and through its agents, servants, workmen and employees.

**FACTUAL BACKGROUND**

18. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though each were set forth at length herein.

19. Plaintiff began her employment with Defendants in 1997, and had been continuously employed by the Defendants for approximately ten (10) years until her termination in 2007. At the time of her termination, Plaintiff was employed as a Customer Service Manager.

20. On or about June 3, 2007, Plaintiff's husband was severely injured in a brutal

assault.  Plaintiff's husband is a close relative as defined by the FMLA.

21. On or about June 3, 2007, Plaintiff notified her supervisor, Nanci Williams, that her husband was missing.

22. On or about June 6, 2007, Plaintiff's husband was located, as a John Doe patient, at the University of Pennsylvania Hospital.  Plaintiff's husband was severely injured having sustained a traumatic brain injury and other injuries.  Plaintiff again contacted her employer and notified them of her husband's serious medical condition and that she needed to assist in his care.

23. From the time Plaintiff's learned of her husband's serious medical condition up to and including her termination, Plaintiff remained in contact with her employer.

24. Approximately two weeks after her husband was injured, Plaintiff inquired to her employer, via her supervisor Nanci Williams, regarding Family Medical Leave.  Ms. Williams stated she thought Plaintiff would be eligible for FMLA and would talk to the accounting department.  Defendants did not have a Human Resources department.

25. After she requested FMLA leave, Plaintiff received paperwork from Defendant. Plaintiff completed this paperwork and returned it to Defendant via regular mail.  Plaintiff made it clear that she was requesting the full twelve (12) weeks of leave.  Plaintiff later learned that this paperwork she completed was actually paperwork that was to be completed by the employer.

26. In or around the beginning of July 2007, Plaintiff received a letter from vice president Robert Greenstein stating she had used all of her paid leave time.  At this time, Plaintiff believed, from her discussions with Ms. Williams, that she was on Family Medical Leave.

27. In or around July 2007, Plaintiff's husband was transferred to Bryn Mawr Rehabilitation Center.  He remained in serious condition, resulting from his traumatic brain injury, requiring constant care.  Around this time, Plaintiff spoke with Ms. Williams regarding

the request for FMLA paperwork. During this conversation, Ms. Williams indicated Defendant did not have all the paperwork they needed. Ms. Williams did not indicate that she had not received any paperwork at all from Plaintiff during this discussion. Plaintiff provided Ms. Williams with the contact information for her husband's social worker and indicated that the social worker would complete any and all forms the Defendant requested. At this time, Plaintiff believed, from her discussions with Ms. Williams, that she was on Family Medical Leave.

28. Following this conversation, Plaintiff again spoke to Ms. Williams. Plaintiff informed Ms. Williams she still required the full twelve (12) weeks of FMLA leave, but she would notify Defendants if she was able to return before the twelve (12) weeks concluded.

29. On or about September 7, 2007, Plaintiff received a telephone call from Mr. Greenstein notifying Plaintiff she was terminated. Plaintiff inquired as to why she was being terminated, since she was on FMLA leave. Mr. Greenstein stated that Plaintiff was not on FMLA leave and her was employment was terminated effective August 24, 2007.

30. As a salaried employee of over 10 years, Plaintiff was entitled to 12 weeks of FMLA leave.

**LEGAL ALLEGATIONS**
**Count I**
**Family Medical Leave Act**
**29 U.S.C. Sec. 2601 et. seq.**

31. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

32. Pursuant to 29 U.S.C. Sec. 2611(2)(A) and 29 U.S.C. Sec. 2612(a)(1)(D), Plaintiff was eligible for Family Medical Leave.

33. At all times material hereto Plaintiff was an employee who was employed for at

least 12 months by Defendant, and for at least 1,250 hours of service with such employer during the previous 12 months.

    34.    At all times material hereto, Defendant knew, by an through its employees, agents, servants and workmen, that Plaintiff needed FMLA because of her husband's serious health condition related to his brutal assault in June 2007.

    35.    Defendant, by and thought its employees, agents, servants and workmen, acted in bad faith by terminating Plaintiff while she was on FMLA leave and by failing to engage in the interactive process.

    36.    As a direct and proximate result of Defendant's wrongful and intentional failure to honor Plaintiff's FMLA leave, in violation of federal law as well as Defendant's own policies and procedures, Plaintiff has been deprived of economic benefits, including but not limited to lost wages, loss of professional development, front pay, back pay, lost promotions, loss of fringe benefits and disruption of her professional life.

    37.    Plaintiff demands judgment in her favor against Defendant for all available equitable relief, including but not limited to: doubling of the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

    38.    Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, as additional amount equal to those sums as liquidated damages under Section 107(a), fees and costs, including the allowance of reasonable attorneys' fees, expert witness fees, and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

    39.    Defendant's conduct in discriminating against Plaintiff as set forth above

constitutes egregious, outrageous, willful and wanton conduct with intent to act in disregard of Plaintiff's rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, FAITH BARLOW, respectfully requests that this court award her the following relief:

a. Exercise jurisdiction over this matter;

b. Issue declaratory and injunctive relief finding that the above described

c. Practices are unlawful and enjoining their past and continued effects;

c. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate her for Defendant's discrimination, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives and lost benefits, injury to reputation, injury to professional development, emotional well-being, humiliation, medical bills and expenses and physical and mental pain and suffering;

d. Award Plaintiff liquidated damages in the amount of double all damages awarded;

e. Award Plaintiff punitive damages;

f. Award Plaintiff her reasonable attorney fees and costs; and

g. Grant such other relief as this Court deems just, proper and equitable;

h. Plaintiff's claims receive a trial by jury to the extent allowed by applicable law. Plaintiff, in accordance with Federal Rules of Civil Procedure 38(b) demands a trial by jury on all issues triable by jury, and has also endorsed this demand on the caption of this Complaint in accordance with the Federal Rules of Civil Procedure all of which is in

excess of ONE HUNDRED FIFTY ($150,000.00) DOLLARS.

                Respectfully submitted,

Date: April 30, 2009

                s/   EAP2098
                Edith A. Pearce, Esquire
                Attorney for Plaintiff
                The Pearce Law Firm
                1601 Sansom Street, Suite 2C
                Philadelphia, PA 19103
                (215) 557-8686